**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOCAL No. 731, I.B. of T., PENSION FUND, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LOCAL No. 731, I.B. of T., HEALTH and | ) | Case No. 1:26-cv-04091 |
| WELFARE FUND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| J.L.W. TRUCKING, LLC | ) | |
| d/b/a J.L.W. RECYCLING SERVICES, LLC, | ) | |
| L.R.O. TRANSFER, LLC, JACK R. WOOD, | ) | |
| individually, AND LILIA R. OCAMPO, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs the Local No. 731, I.B. of T., Pension Fund and the Local No. 731, I.B. of T.,

Health and Welfare Fund (collectively, "Funds"), by way of their complaint against J.L.W.

Trucking, LLC d/b/a J.L.W. Recycling Services, LLC ("JLW"), L.R.O. Transfer, LLC ("LRO"),

Jack R. Wood ("Wood"), and Lilia R. Ocampo ("Ocampo") state as follows:

**JURISDICTION AND VENUE**

1.      Count I of this action arises under the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to collect unpaid employee benefit contributions,

interest, liquidated damages, attorneys' fees and court costs and, as such, this Court has

jurisdiction over this action under Sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)

and 1132(f), and Section 301(c) of the Labor Management  Relations Act ("LMRA"), 29 U.S.C.

§185(c).

1

2. Venue lies in this court with respect to Count I under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that the Funds are administered by their Trustees at their principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois, 60527.

3. The Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

4. Venue is properly vested in this Court for Count II pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A).

6. The Funds are fiduciaries authorized to bring this action on behalf of their participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

7. Defendant JLW is an Illinois limited liability company registered to do business in the state of Illinois. At all relevant times, JLW was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §§ 1002(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

8. Defendant LRO is an Illinois limited liability company registered to do business in the state of Illinois. At all relevant times, LRO was doing business within this district and was an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §§ 1002(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

9.      Defendant Wood is an individual who regularly transacts business in Illinois.  On information and belief, he is the individual primarily responsible for operating JLW. Wood personally guaranteed a portion of the amounts that JLW and LRO owe to the Funds.

10.     Defendant Ocampo is an individual who regularly transacts business in Illinois. She is the Manager of LRO. Ocampo personally guaranteed a portion of the amounts that JLW and LRO owe to the Funds.

**COUNT I: FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS**

11.     The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local 731") is a labor organization within the meaning of 29 U.S.C. § 185(a).  At all relevant times, the JLW and LRO were parties to collective bargaining agreements with Local 731and participation agreements with the Funds (collectively, "Agreement").

12.     The Agreement obligates JLW and LRO to make monthly contributions on behalf of all of their collectively bargained employees for health-welfare and pension benefits and on behalf of additional non-bargained employees for health-welfare benefits.  The Agreement further requires LRO and JLW to submit monthly remittance reports in which they identify the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of them by the 20th of every month.

13.     Failure to report or remit contributions subjects JLW and LRO to liability for assessed interest on any late payment, 10% of the contributions owed as liquidated damages, which increases to 20% once a lawsuit is filed, and all costs incurred by the Funds to collect the delinquent contributions.

3

14.     Notwithstanding LRO's and JLW's obligations under the Agreement, they failed to timely remit contributions to the Funds for all of their employees covered by the Agreement for months from August of 2024 through February of 2026.

15.     JLW and LRO have not remitted the entire amount of delinquent contributions and other sums owed.

16.     JLW's and LRO's failure to remit timely contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

17.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Funds' governing documents, JLW and LRO are liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20% of the delinquent contributions, and reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against JLW and LRO, as follows:

1.  Finding that JLW and LRO violated the Agreement;

2.  Finding that JLW and LRO are liable to the Funds for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, and attorneys' fees and costs for each untimely remittance;

3.  Ordering JLW and LRO to pay to Plaintiffs all contributions, accrued interest, and liquidated damages;

4.  Ordering JLW and LRO to pay to Plaintiffs all reasonable attorneys' fees and costs incurred by the Funds related to the collection of the amounts in this suit; and

5.  Granting all such other legal and equitable relief as the Court deems just and proper.

4

## COUNT II: BREACH OF CONTRACT

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 of Count I as paragraphs 1 through 17 of Count II.

19. In January of 2026, JLW, LRO, Wood, Ocampo, and the Funds entered into an Installment Note ("Note") providing that JLW, LRO, Wood, Ocampo would pay the Funds $463,383.11 through down payments to each of the Funds followed by 24 sets of monthly installments. A copy of the Note is attached hereto as Exhibit A.

20. Wood signed the Note both as an agent of JLW and LRO and in his individual capacity as a personal guarantor. Ex. A.

21. Ocampo signed the Note in her individual capacity as a personal guarantor. Ex. A.

22. Pursuant to the terms of the Note, failure to remit any payment owed under the note within three days of the due date or a payment made via a check that is returned NSF shall constitute a default. Ex. A ¶ 4. When a default occurs, the Note is automatically accelerated, and the entire remaining balance becomes due. *Id*. Further, JLW, LRO, Wood, and Ocampo must pay the costs of collection and all attorneys' fees incurred in an action to enforce the Note. Ex. A ¶ 5.

23. Pursuant to the Note, JLW, LRO, Wood, and Ocampo are jointly and severally liable for any amounts owed under the Note. Ex. A.

24. JLW, LRO, Wood, and Ocampo remitted the down payments and the installments due by March 20, 2026 under the note, but remitted the March 20, 2026 installments via personal checks that were returned NSF. Under the Note's terms, this means JLW, LRO, Wood, and Ocampo are in default.

25. Because JLW, LRO, Wood, and Ocampo are in default and have breached the terms of the Note, they are, under the Note's terms, liable for the full amounts owed under the note, $463,383.11, less the down payments they remitted in the amount of $87,317.51, for a total of $376,065.60. They are also liable for all attorneys' fees and costs of collection incurred by the Funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against JLW, LRO, Wood, and Ocampo, as follows:

1. Finding that JLW, LRO, Wood, and Ocampo breached the Note;

2. Finding that JLW, LRO, Wood, and Ocampo are jointly and severally liable to the Plaintiffs for the balance due under the Note, $376,065.60, plus all attorneys' fees and costs incurred prior to and through the filing of this suit;

3. Ordering JLW, LRO, Wood, and Ocampo, jointly and severally, to pay the Plaintiffs $376,065.60, plus all attorneys' fees and costs incurred prior to and through the filing of this suit;

4. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Jeremy M. Barr (ARDC #6299047)
Elizabeth L. Rowe (ARDC #6316967)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH, LLP
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361